*OLF3 (Official Local Form 3)*
*Effective December 1, 2017*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re   Correa, Mario Lelles                                    Case No.  22-10186

                                                                Chapter 13

                Debtor(s)

**CHAPTER 13 PLAN**

*Check one.* This Plan is:

☐ Original
☑  4th   Amended *(Identify First, Second, Third, etc.)*
☐ Postconfirmation *(Date Order Confirming Plan Was Entered: _____ )*

Date this Plan was filed:  09/25/2022

| **PART 1:** | **NOTICES** |

**TO ALL INTERESTED PARTIES:**

You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**

Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**

You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3). | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |

| **PART 2:** | **PLAN LENGTH AND PAYMENTS** |

**A.    LENGTH OF PLAN:**

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i)

☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii)

☑ __48__ Months pursuant to U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:

| Feasibility |
|---|

**B.    PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|
| $91.34 | 48 months (Month 1 to Month 48) |

**C.    ADDITIONAL PAYMENTS:**

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

☐ **The Debtor(s) will make additional payment(s) to the Trustee, as specified below.** *Set forth the amount, source (e.g., lump sums from sales/refinances, tax refunds), and date of each payment.*

| Additional Payment Amount | Source | Date of Payment |
|---|---|---|
|  |  |  |

**Total amount of Payments to the Trustee [B+C]:**                                                                                             $4,384.32

*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

## PART 3:                                    SECURED CLAIMS

☑ **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

**A.    CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:**

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*

☐ **Any Secured Claim(s) in default shall be cured and payments maintained as set forth in 1 and/or 2 below.**

*Complete 1 and/or 2.*

   **(1) PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN**

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

   (a)   Secured Claim(s) (Principal Residence)

   Address of the Principal Residence: _____

   The Debtor(s) estimates that the fair market value of the Principal Residence is: _____

| Name of Creditor | Type of Claim (*e.g., mortgage, lien*) | Amount of Arrears |
|---|---|---|
|  |  |  |

Total of prepetition arrears on Secured Claim(s) (Principal Residence):            $0.00

   (b)   Secured Claim(s) (Other)

| Name of Creditor | Type of Claim | Description of Collateral (*or address of real property*) | Amount of Arrears |
|---|---|---|---|
|  |  |  |  |

Total prepetition arrears on Secured Claim(s) (Other): $0.00

**Total prepetition arrears to be paid through this Plan [(a) + (b)]:** $0.00

**(2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):**

Contractual installment payments are to be paid <u>directly</u> by the Debtor(s) to the creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
|  |  |  |

**B.    MODIFICATION OF SECURED CLAIMS:**

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*

☐ **Secured Claim(s) are modified as set forth in 1, 2, and/or 3 below.** *Complete 1, 2, and/or 3 below.*

**(1) REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506:**

☑ **None.** *If "None" is checked, the rest of Part 3.B.1 need not be completed and may be deleted from this Plan.*

*The following Plan provisions of Part 3.B.1 are effective only if the box "Included" in Part 1, Line 1.1 is checked.*

The Debtor(s) requests that the Court determine the value of the lien of the following secured claim(s). For each secured claim listed below, the Debtor(s) states that the amount of the secured claim is as set out in the column headed "Secured Claim Amount." For each listed claim, the allowed amount of the secured claim will be paid in full with interest at the rate stated below, and the creditor will retain its lien to the extent of the value of the lien securing the creditor's allowed secured claim.

Unless the Court orders otherwise, the amount of a modified secured claim held by a nongovernmental creditor, as described in this Plan and treated below, is binding on the creditor and the Debtor(s) upon confirmation of this Plan, even if the creditor has filed a Proof of Claim setting forth a different amount.

Unless the Court orders otherwise, the amount of a secured claim of a governmental unit listed in an allowed Proof of Claim controls over any contrary amount listed below. The amount of a secured claim of a governmental unit may NOT be determined through this Plan.

An allowed claim of a creditor whose claim is secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of the creditor's interest, and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of the allowed claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim in Part 5 of this Plan. If the secured claim amount is listed below as having NO value, the creditor's allowed claim will be treated in its entirety as an unsecured claim in Part 5 of this Plan.

*In the description of collateral, include the registry of deeds/land court recording information for any real property for which you are modifying a secured claim.*

| Name of Creditor | Description and Value of Collateral | Secured Claim Amount | Amount of Senior Liens | Interest Rate | Total Claim |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Total Claim(s) under Part 3.B.1 to be paid through this Plan:** $0.00

**(2) SECURED CLAIMS EXCLUDED FROM 11 U.S.C. § 506:**

☑ **None.** *If "None" is checked, the rest of Part 3.B.2 need not be completed and may be deleted from this Plan.*

This section includes any claim(s) that was either (i) incurred within 910 days before the petition date and secured by a purchase-money security interest in a motor vehicle acquired for the personal use of the Debtor(s) or (ii) incurred within one year of the petition date and secured by a purchase-money security interest in any other thing of value. Such claim(s) will be paid in full through this Plan with interest at the rate stated below. Unless the Court orders otherwise, the claim amount stated on an allowed Proof of Claim controls over any contrary amount listed below.

*If you are treating the claim in Part 3.B.1 or 3.B.3, you should not include the claim in this section.*

| Name of Creditor | Description of Collateral | Secured Claim Amount | Interest Rate | Total Claim |
|---|---|---|---|---|
|  |  |  |  |  |

**Total Claim(s) under Part 3.B.2 to be paid through this Plan:**   $0.00

**(3) LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f):**

☑ **None.** *If "None" is checked, the rest of Part 3.B.3 and Exhibits 3 and 4 need not be completed and may be deleted from this Plan.*

***The following Plan provisions of Part 3.B.3 are effective only if the box "Included" in Part 1, Line 1.2 is checked.***

The judicial lien(s) and/or nonpossessory, nonpurchase-money security interest(s) securing the claim(s) listed below impairs exemptions to which the Debtor(s) would have been entitled under 11 U.S.C. § 522(b).

Subject to 11 U.S.C. § 349(b), a judicial lien or nonpossessory, nonpurchase-money security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the Order confirming this Plan. The amount of the judicial lien or nonpossessory, nonpurchase-money security interest that is avoided will be treated as a nonpriority unsecured claim in Part 5 if a Proof of Claim has been filed and allowed. The amount, if any, of the judicial lien or nonpossessory, nonpurchase-money security interest that is not avoided will be paid in full as a secured claim under this Plan provided a Proof of Claim is filed and allowed.

*For each judicial lien that the Debtor(s) seeks to avoid, the Debtor(s) shall include the information below. The Debtor(s) also shall complete the chart set forth in Exhibit 3 to this Plan and shall attach to Exhibit 3 a true and accurate copy of the document evidencing such judicial lien as filed or recorded with filing or recording information included. The Debtor(s) shall include the evidentiary basis for the valuation asserted. For each judicial lien that the Debtor(s) seeks to avoid, the Debtor(s) shall provide a proposed form(s) of order as Exhibit 4 conforming to Official Local Form 21A. If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table in Exhibit 3 for each lien, and identify the tables as Exhibit 3.1, 3.2, etc.*

*The claim(s) identified below must also be set forth in Exhibit 3.*

| Name of Creditor | Exhibit Table (*e.g., 3.1, 3.2, 3.3*) |
|---|---|
|  |  |

**Total Claim(s) under Part 3.B.3 to be paid through this Plan:**   $0.00

**C.    SURRENDER OF COLLATERAL:**

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

☐ **The Debtor(s) elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) requests that, upon confirmation of this Plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed unsecured claim(s) resulting from the disposition of the collateral will be treated in Part 5 of this Plan.**

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
|  |  |  |

**PART 4:**                        **PRIORITY CLAIMS**

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

☑ **The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.**

A. **DOMESTIC SUPPORT OBLIGATIONS:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| | | |

B. **OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Internal Revenue Service | Taxes or Penalties Owed to Governmental Units | $3,921.38 |

**Total Priority Claim(s) (except Administrative Expenses) to be paid through this Plan [A + B]:**   $3,921.38

C. **ADMINISTRATIVE EXPENSES:**

    **(1) ATTORNEY'S FEES:**

| Name of Attorney | Attorney's Fees |
|---|---|
| | |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

    **2) OTHER** *(Describe)*:

| |
|---|
| |

**Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1 ) + (2)]:**   $0.00

    **(3) TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

## PART 5: NONPRIORITY UNSECURED CLAIMS

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*

☑ **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

    ☐ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of _____, which the Debtor(s) estimates will provide a dividend of _____.

    ☐ Fixed Percentage: each creditor with an allowed claim shall receive no less than _____ of its allowed claim.

A. **GENERAL UNSECURED CLAIMS:**   $24,793.78

B. **UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| | | |

**C.    NONDISCHARGEABLE UNSECURED CLAIMS (*e.g., student loans*):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
|  |  |  |

**D.    CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
|  |  |  |

**E.    TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

**The amount paid to any nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.**

Total Nonpriority Unsecured Claims [A + B + C + D]:   $24,793.78

*Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount:*   $0.00

**F.    SEPARATELY CLASSIFIED UNSECURED CLAIMS (*e.g., co-borrower*):**

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basics of Separate Classification |
|---|---|---|---|---|
|  |  |  |  |  |

Total of separately classified unsecured claim(s) to be paid through this Plan:   $0.00

## PART 6:    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

☐ **The executory contract(s) and unexpired leases listed are assumed and will be treated as specified below. Any other executory contract(s) and/or unexpired lease(s) is rejected. Postpetition contractual payments will be made directly by the Debtor(s). Arrearage payments will be disbursed by the Trustee.**

**A.    REAL PROPERTY LEASES:**

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
|  |  |  |

**B.    MOTOR VEHICLE LEASES:**

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
|  |  |  |

**C.    OTHER CONTRACTS OR LEASES:**

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
|  |  |  |

Total amount of arrears to be paid through this Plan:   $0.00

## PART 7:    POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8:    NONSTANDARD PLAN PROVISIONS

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*

☑ **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.*

***The following Plan provisions are effective only if the box "Included" in Part 1, Line 1.3 is checked.***

1. **Mortgage Payments Arrears-Wells Fargo**
   In the event Debtor is able to reverse a foreclosure sale regarding his former real estate located at 102-104 Lancaster Street, Quincy, MA, Debtor shall amend his plan and include the arrears owed to Wells Fargo so they are paid through the Plan unless other agreement has been reached with the lender.

2. **Litigation**
   In the event Debtor is successful in obtaining money damages against Wells Fargo Bank, NA and others in a pending adversary proceeding in this Court (22-01028) he will amend his Plan to provide for 100 % payment on all undisputed unsecured non-priority claims.

## PART 9:        SIGNATURES

By signing this document, the Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

| /s/ Mario Lelles Correa | 09/25/2022 |
|---|---|
| Mario Lelles Correa<br>Debtor | Date |

| | |
|---|---|
| Joint Debtor | Date |

| /s/ Carmenelisa Perez-Kudzma | 09/25/2022 |
|---|---|
| Carmenelisa Perez-Kudzma<br>Signature of attorney for Debtor(s)<br>Carmenelisa Perez-Kudzma<br>35 Main Street 1<br>Wayland, MA 01778<br>Phone: (781) 209-5596<br>Email: Carmenelisa@pklaw.law | Date |

The following Exhibits are filed with this Plan:

☑ **Exhibit 1: Calculation of Plan Payment***
☑ **Exhibit 2: Liquidation Analysis***
☐ **Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)****
☐ **Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption****

*Denotes a required Exhibit in every plan*

**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2*

**Total number of Plan pages, including Exhibits:**         10

# EXHIBIT 1
# CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---:|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | $0.00 |
| b) | Priority claims (Part 4.A and Part 4.B Total): | $3,921.38 |
| c) | Administrative expenses (Part 4.C.1 and Part 4.C.2 Total): | $0.00 |
| d) | Nonpriority unsecured claims (Part 5.E Total): | $0.00 |
| e) | Separately classified unsecured claims (Part 5.F Total): | $0.00 |
| f) | Executory contract/lease arrears claims (Part 6 Total): | $0.00 |
| g) | Total of (a) +(b) + (c) + (d) + (e) + (f): | $3,921.38 |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | $4,357.09 |
| i) | Divide (h), Cost of Plan, by term of Plan, _____ months: | |
| j) | Round **up** to the nearest dollar amount for Plan payment: | |

*If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete (a) through (h) only and the following:*

| | | |
|---|---|---:|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | $3,945.89 |
| l) | Subtract line (k) from line (h) and enter amount here: | $411.20 |
| m) | Divide line (l) by the number of months remaining ( __48__ months): | $8.57 |
| n) | Round **up** to the nearest dollar amount for amended Plan payment: | $9.00 |

Date the amended Plan payment shall begin:     09/25/2022

# EXHIBIT 2
# LIQUIDATION ANALYSIS

**A.** **REAL PROPERTY**

| Address<br>*(Sch. A/B, Part 1)* | Value<br>*(Sch. A/B, Part1)* | Lien<br>*(Sch. D, Part 1)* | Exemption<br>*(Sch. C)* |
|---|---|---|---|
| | | | |
| **Total Value of Real Property** *(Sch. A/B, line 55):* | | | $0.00 |
| **Total Net Equity for Real Property** *(Value Less Liens):* | | | $0.00 |
| **Less Total Exemptions for Real Property** *(Sch. C):* | | | $0.00 |
| **Amount Real Property Available in Chapter 7:** | | | $0.00 |

**B.** **MOTOR VEHICLES**

| Make, Model and Year<br>*(Sch. A/B, Part 2)* | Value<br>*(Sch. A/B, Part 2)* | Lien<br>*(Sch. D, Part 1)* | Exemption<br>*(Sch. C)* |
|---|---|---|---|
| 2001 Ford F250 Supp | $3,500.00 | $0.00 | $3,500.00 |
| **Total Value of Motor Vehicles** *(Sch. A/B, line 55):* | | | $3,500.00 |
| **Total Net Equity for Motor Vehicles** *(Value Less Liens):* | | | $3,500.00 |
| **Less Total Exemptions for Motor Vehicles** *(Sch. C):* | | | $3,500.00 |
| **Amount Motor Vehicle Available in Chapter 7:** | | | $0.00 |

**C.** **ALL OTHER ASSETS** *(Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)*

| Asset | Value | Lien<br>*(Sch. D, Part 1)* | Exemption<br>*(Sch. C)* |
|---|---|---|---|
| Household Goods and Furnishings | $3,200.00 | $0.00 | $700.00 |
| Television and Cell Phone | $450.00 | $0.00 | $450.00 |
| Men's Clothing | $300.00 | $0.00 | $300.00 |
| watch, ring and rosary | $150.00 | $0.00 | $150.00 |
| Bank of America<br>Checking account | $100.00 | $0.00 | $100.00 |
| Bank of America<br>Checking account | $260.00 | $0.00 | $260.00 |
| Painting Supplies (Super Mario Painting) | $350.00 | $0.00 | $350.00 |
| Contingent and Potential Claims against Wells Fargo Bank N.A, et al for wrongful foreclosure claim and lending practices. Value unknown at this time. | $0.00 | $0.00 | $13,540.00 |

| Asset | Value | Lien<br>(Sch. D, Part 1) | Exemption<br>(Sch. C) |
|---|---|---|---|
| Painting Tools (Super Marion Painting) | $550.00 | $0.00 | $550.00 |

| | |
|---|---|
| **Total Value of All Other Assets:** | $5,360.00 |
| **Total Net Equity for All Other Assets** *(Value Less Liens)*: | $5,360.00 |
| **Less Total Exemptions for All Other Assets:** | $16,400.00 |
| **Amount of All Other Assets Available in Chapter 7:** | $0.00 |

D.  **SUMMARY OF LIQUIDATION ANALYSIS**

| | Amount available in Chapter 7 | Amount |
|---|---|---|
| A. | Amount of Real Property Available in Chapter 7 *(Exhibit 2, A)* | $0.00 |
| B. | Amount of Motor Vehicles Available in Chapter 7 *(Exhibit 2, B)* | $0.00 |
| C. | Amount of All Other Assets Available in Chapter 7 *(Exhibit 2, C)* | $0.00 |
| | **TOTAL AVAILABLE IN CHAPTER 7:** | $0.00 |

E.  **ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

In re Mario Lelles Correa                                                                Chapter 13

Docket #22-10186

CERTIFICATE OF SERVICE

I, Carmenelisa Perez-Kudzma, hereby state that a copy of this Third Amended Plan was served to all CM/ECF participants including the Chapter 13 Trustee and all others parties listed in the below service list on September 25, 2022.

/s/Carmenelisa Perez-Kudzma

SERVICE LIST

Bank of America, N.A
P.O Box 25118
Tampa, FL 33622-5118

Internal Revenue Service
Department of the Treasury
P.O Box 37004
Hartford, CT 06176

Massachusetts Department of Revenue
Bankruptcy Unit
P.O Box 9564
Boston, MA 02214

Real Time Resolutions, Inc.
1750 Regal Row Suite 120
P.O Box 36655
Dallas, TX 75235

Wells Fargo Bank, N.A. as Trustee
for the Harbor View Mortgage Loan
Pass-Through Certificates, Series 2007-1
BAC Home Loans Servicing, LP f/k/a Count
PO Box 5170, Simi Valley, CA 93065

Huu D. Lee c/o
Robert D. Russo, Esq.
Frye & Associates, LLP
2 Oliver Street, Suite 612
Boston, MA 02109

Jefferson Capital
Systems LLC
PO Box 7999
St Cloud, MN
56302-9617

Bank of America, N.A.
PO Box 673033
DALLAS, TX
75267-3033